**In the Matter of the Requested EXTRADITION OF Mark Allen TUTTLE.**

**UNITED STATES of America, Appellee,**

v.

**Mark Allen TUTTLE, Appellant.**

**No. 91–15641.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 1992.

Decided June 12, 1992.

Christopher J. Cannon, Sugarman & Cannon, San Francisco, Cal., for appellant.

Mark N. Zanides, Asst. U.S. Atty., San Francisco, Cal., for appellee.

Before: CHAMBERS, SCHROEDER and LEAVY, Circuit Judges.

CHAMBERS, Circuit Judge:

Mark Tuttle, a federal prisoner, appeals the determination that he is extraditable to the Commonwealth of the Bahamas, following his arrest in the United States pursuant to a United States warrant based on his Bahamian drug offenses. Tuttle contends that there is no valid extradition treaty between the United States and the Bahamas.

 Whether an extradition treaty is in force is a legal question and subject to de

novo review. *Ivancevic v. Artukovic*, 211 F.2d 565, 567 (9th Cir.1954).

In 1931 the United Kingdom and the United States entered into an extradition treaty. The Extradition Treaty between the United States of America and the United Kingdom of Great Britain and Northern Ireland, Dec. 22, 1931, U.S.–U.K., 47 Stat. 2122. Article 2 of the Treaty defined the British "territory" affected by the agreement as "Great Britain and Northern Ireland, the Channel Islands, the Isle of Man, and all parts of His Britannic Majesty's dominions overseas." 47 Stat. at 2122. The parties do not dispute that the Bahamas was a colony of the United Kingdom at that time.

On July 10, 1973 the Bahamas became an independent nation. On that date the Bahamian government indicated its intent to be bound by treaties incurred by the United Kingdom, subject to review. Letter dated July 10, 1973 from Lynden Pendling, Prime Minister of the Bahamas, to Dr. K. Valdheim, Secretary General of the United Nations (referred to in Extradition: Continued Application of the Bahamas of the United States–United Kingdom Treaty of December 22, 1931, T.I.A.S. 9185). In a 1978 exchange of diplomatic letters, the governments of the United States and the Bahamas agreed to continue to regard the 1931 Treaty as in force between them. T.I.A.S. 9185. Both governments regarded that Treaty as in force at the time of Tuttle's requested extradition. "We concur in the view that the question whether power remains in a foreign state to carry out its treaty obligations is in its nature political and not judicial, and the courts ought not to interfere with the conclusions of the political department in that regard." *Terlinden v. Ames*, 184 U.S. 270, 288, 22 S.Ct. 484, 491, 46 L.Ed. 534 (1902). Referring to that quote, the Ninth Circuit has previously held that, "[j]udicial examination of the existence of extradition treaties has been limited by a Supreme Court decision which stressed the importance of deferring in such cases to the intentions of the State Departments of the two nations." *Arnbjornsdottir–Mendler v. United States*, 721 F.2d 679, 681 (9th Cir.1983).

However, Tuttle argues that the 1931 extradition treaty between the United Kingdom and the United States was revoked in 1976, and thus, the 1978 exchange of letters referred to a non-existent treaty. He further argues that ordering an extradition based on the 1978 exchange of diplomatic letters violates the doctrine of separation of powers because the letters were never presented to the Senate for their advice and consent. *See* U.S. Const., Art. II, § 2.

In 1972 the United States and the United Kingdom did sign a new treaty that was scheduled to go in force in 1977. Extradition Treaty between the United States and the United Kingdom, June 8, 1972, U.S.–U.K., 28 U.S.T. 227. However, that treaty was only between the United States and the United Kingdom and did not mention the Bahamas. Indeed, the provision of the new treaty which abrogated the earlier one states that the 1931 treaty "shall cease to have effect *as between the United Kingdom and the United States of America.*" 28 U.S.T. 227, 234 (emphasis added). Tuttle's argument fails because the 1931 treaty was still in force when the Bahamas became independent on July 10, 1973, and thus the Bahamas could succeed to that treaty. *See Terlinden*, 184 U.S. at 285, 22 S.Ct. at 490. *See also Restatement of the Foreign Relations Law of the United States* § 210(3) ("When part of a state becomes a new state, the new state does not succeed to the international agreements to which the predecessor state was party, unless, expressly or by implication, it accepts such agreements and the other party or parties thereto agree or acquiesce.").

Since the Bahamas could and did adopt the 1931 treaty, Tuttle's argument regarding the separation of powers also fails because the 1931 treaty was ratified by the Senate.

We AFFIRM.